| | |
|---|---|
| HENRY L. JOHNSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 13-cv-01108-JPG |
| ) | |
| S.A. GODINES, ) | |
| MARC HODGE, ) | |
| FUNK, ) | |
| KEN BROWN, ) | |
| C/O RUSH, ) | |
| C/O IRVING, ) | |
| C/O HARGETT, ) | |
| ELAINE HARDY, and ) | |
| PHILLIP MARTIN, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff Henry L. Johnson, a former Illinois Department of Corrections ("IDOC") inmate

proceeding *pro se*, brings this action for deprivations of his constitutional rights pursuant to 42

U.S.C. § 1983, based on a variety of incidents that occurred while he was housed at Lawrence

Correctional Center. Named as defendants are: Director of the IDOC, S. A. Godinez[1]; Warden

Marc Hodge; and seven other prison officials at Lawrence.

This case is now before the Court for a preliminary review of the complaint pursuant to

28 U.S.C. § 1915(e)(2)(B), which requires dismissal of any portion of the complaint that is

frivolous, malicious, or fails to state a claim on which relief may be granted, or which seeks

monetary relief from a defendant who is immune from such relief. An action or claim is

---

[1] Plaintiff misspells the Director's last name as "Godines." The Court will utilize the correct
spelling, "Godinez," and will direct the Clerk of Court to correct the official caption of the case.

frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

## The Complaint

The complaint contains seven distinct claims, summarized below. The parties and the Court will use same designation of counts in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these counts does not constitute an opinion as to their merit.

**Count 1:** **Plaintiff's Eighth Amendment right to be free from cruel and unusual punishment was violated when C/O Rush denied Plaintiff access to a restroom during recreation periods in the gym, causing Plaintiff to experience pain and defecate on himself; and by staff denying Plaintiff any water during recreation periods, and providing water in an unsanitary way;**

**Count 2:** **Plaintiff was repeatedly sexually propositioned and harassed by C/O Irving, in violation of the Eighth Amendment;**

**Count 3:** **Nurse Practitioner Elaine Hardy failed to respond to Plaintiff's complaints of pain, a swollen thyroid gland, breathing difficulties and allergy symptoms that were all attributed to a subsequently diagnosed soy allergy; Hardy also refused to run tests for hypothyroidism, despite Plaintiff exhibiting obvious symptoms— all in violation of the Eighth Amendment;**

**Count 4:** **In violation of the Eighth Amendment, C/O Hargett denied Plaintiff medical care due to the soy laden diet served in prison; once Plaintiff was put on a non-soy diet, C/O Hargett retaliated against Plaintiff for having filed grievances by repeatedly not allowing Plaintiff to go to eat, in violation of the First Amendment;**

**Count 5:** **Between January and April, 2012, there was no "proper" heating or water in Plaintiff's cell, and he was not given cleaning supplies; as a result, Plaintiff experienced skin rashes, breathing problems, pain and fungi—all in violation of the Eighth Amendment;**

**Count 6:** Plaintiff is classified as a medium security inmate, and Lawrence is supposed to be a medium security facility, but he was denied the corresponding programs, privileges and amenities, in violation of the Equal Protection Clause of the Fourteenth Amendment; and

**Count 7:** Warden Hodge, Chief Engineer Funk, LTS Supervisor Brown, Healthcare Administrator Martin, C/O Irving, C/O Hargett, C/O Rush, Nurse Practitioner Hardy, and other unidentified individuals all failed to perform their duties and were deliberately indifferent in connection with the incidents described in Counts 1-6, in violation of the Eighth Amendment.

## Discussion

### Count 1

In Count 1, it is alleged that C/O Rush denied Plaintiff access to a restroom during recreation periods in the gym, causing Plaintiff to experience pain and defecate on himself. It is also alleged that "staff" denied Plaintiff water during recreation periods and provided water in an unsanitary way.

The Eighth Amendment prohibition against cruel and unusual punishment encompasses conditions of confinement that deny the minimal civilized measure of life's necessities. *Farmer v. Brennan,* 511 U.S. 825, 834 (1994). Denying access to restrooms and water for an extended period without any legitimate penological justification has been recognized as deprivations of such constitutional magnitude. *See Barker v. Goodrich*, 649 F.3d 428, 434 (6th Cir. 2011) (collecting cases). Nevertheless, a single incident during a single gym period does not amount to a constitutional violation. Therefore, the claim regarding C/O Rush not permitting Plaintiff to go to the restroom will be dismissed with prejudice.

Liability under Section 1983 requires a defendant's personal involvement in the alleged constitutional violation. *Palmer v. Marion County*, 327 F.3d 588, 594 (7th Cir. 2003). The defendant must have caused or participated in the violation. *Pepper v. Village of Oak Park*, 430

F.3d 809, 810 (7th Cir. 2005). The allegations regarding "staff" providing water in an unsanitary manner cannot proceed because no named defendant is associated with this allegation. On that basis alone, the water deprivation claim warrants dismissal without prejudice. This aspect of Count 1 also fails on the merits.

Plaintiff alleges that water containers in the gym are placed upon dirty carpeting, surrounded by drinking cups that had been urinated in; the containers themselves are purportedly filled with bacteria. Again, what amounts to a denial of potable water during gym sessions is not of sufficient duration to rise to the level of a constitutional violation, so this aspect of Count 1 also fails on the merits.

Count 1 will be dismissed with prejudice.

**Count 2**

Count 2 alleges that Plaintiff was repeatedly sexually propositioned and harassed by C/O Irving. More specifically, the complaint alleges that Irving asked Plaintiff for sexual favors, made various sexual comments to Plaintiff—commenting on Plaintiff's genitalia, which Irving had seen while Plaintiff was showering.

Sexual harassment and abuse involving physical contact violates the Eighth Amendment, but verbal harassment does not rise to the level of a constitutional violation. *See DeWalt v. Carter,* 224 F.3d 607, 612 (7th Cir. 2000) ("Standing alone, simple verbal harassment does not constitute cruel and unusual punishment…."). For these reasons, Count 2 will be dismissed on the merits.

**Count 3**

Count 3 pertains to allegations that Nurse Practitioner Elaine Hardy failed to respond to Plaintiff's complaints about the soy laden diet and the adverse effects Plaintiff was experiencing.

Whether Plaintiff is contending that the soy diet caused symptoms associated with hypothyroidism is not entirely clear. In any event, it is alleged that Nurse Practitioner Hardy failed to respond to Plaintiff's physical complaints and failed to test for hypothyroidism.

Prison officials violate the Eighth Amendment proscription against cruel and unusual punishment when they act with deliberate indifference to the serious medical needs of an inmate. *Farmer v. Brennan,* 511 U.S. 825, 835 (1994); *Estelle v. Gamble,* 429 U.S. 97, 105 (1976). To succeed on a deliberate indifference claim, a plaintiff must (1) demonstrate that his medical condition is "objectively, sufficiently serious," and (2) demonstrate that the defendant acted with a "sufficiently culpable state of mind." *Farmer*, 511 U.S. at 834 (internal quotation marks omitted); *see also Holloway v. Delaware County Sheriff*, 700 F.3d 1063, 1072 (7th Cir. 2012).

A medical condition need not be life-threatening to be serious; rather, it can be a condition that would result in further significant injury or unnecessary and wanton infliction of pain if not treated. *Gayton v. McCoy*, 593 F.3d 610, 620 (7th Cir. 2010). A mere difference of opinion about treatment cannot support a finding of deliberate. *See Norfleet v. Webster*, 439 F.3d 392, 396 (7th Cir. 2006). However, blatantly inappropriate treatment, woefully inadequate action, or inaction can violate the Eighth Amendment. *See Reed v. McBride,* 178 F.3d 849, 854 (7th Cir.1999). Similarly, erroneous treatment constituting a substantial departure from accepted medical judgment, practice, or standards may constitute deliberate indifference. *See Gayton,* 593 F.3d at 623; *Jones v. Simek*, 193 F.3d 485, 490 (7th Cir.1999). Thus, Count 3 states a colorable constitutional claim against Nurse Practitioner Hardy, so Count 3 shall proceed.

**Count 4**

Count 4 alleges that C/O Hargett denied Plaintiff medical care due to the soy laden diet served in prison; and once Plaintiff was put on a non-soy diet, C/O Hargett retaliated against him

for having filed grievances by repeatedly not allowing Plaintiff to go to eat, in violation of the First Amendment.

Failing to secure medical treatment for Plaintiff states a colorable Eighth Amendment claim, as already discussed relative to Count 3. It is also well recognized that retaliation for filing a grievance violates the First Amendment. *Gomez v. Randle*, 680 F.3d 859, 866 (7th Cir. 2012). Thus, Count 4 against C/O Hargett will be permitted to proceed.

**Count 5**

Count 5 is premised upon allegations that there was no "proper" heating or water in Plaintiff's cell. No defendant is linked to these allegations. Therefore, Count 5 will be dismissed, albeit without prejudice.

**Count 6**

In Count 6, it is alleged that Plaintiff is classified as a medium security inmate, and Lawrence is supposed to be a medium security facility, but he was denied the corresponding programs, privileges and amenities, in violation of the Equal Protection Clause of the Fourteenth Amendment. Plaintiff specifies that he is bringing Count 6 as a "class of one" equal protection claim. IDOC Director S.A. Godinez is the only defendant linked to this claim.

The Equal Protection Clause forbids a state to "deny to any person within its jurisdiction the equal protection of the laws." U.S. CONST. amend. XIV, § 1. As a general matter, a "prison administrative decision may give rise to an equal protection claim only if the plaintiff can establish that 'state officials had purposefully and intentionally discriminated against him.'" *Meriwether v. Faulkner*, 821 F.2d 408, 415 n.7 (7th Cir.), cert. denied, 484 U.S. 935 (1987) (citing *Shango v. Jurich*, 681 F.2d 1091, 1104 (7th Cir. 1982)).

> The gravamen of equal protection lies not in the fact of deprivation of a right but in the invidious classification of persons aggrieved by the state's action. A

plaintiff must demonstrate intentional or purposeful discrimination to show an equal protection violation. Discriminatory purpose, however, implies more than intent as volition or intent as awareness of consequences. It implies that a decisionmaker singled out a particular group for disparate treatment and selected his course of action at least in part for the purpose of causing its adverse effects on the identifiable group.

*Nabozny v. Podlesny*, 92 F.3d 446, 453-54 (7th Cir. 1996) (quoting *Shango v. Jurich*, 681 F.2d 1091, 1104 (7th Cir. 1982)).

*Engquist v. Oregon Dep't of Agriculture*, 553 U.S. 591, 601 (2008), and *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000), make clear that a class-of-one equal protection claim can succeed only if it is pleaded and proven that (1) the plaintiff has been intentionally treated differently from others similarly situated, and (2) there is no rational basis for different treatment.

Plaintiff failed to allege any illegitimate animus on the part of IDOC Director Godinez, or that Godinez intentionally treated him differently. Rather, he alleges only that the conditions of confinement at Lawrence are not identical to the conditions at other medium security facilities. Thus, this equal protection claim does not cross "the line between possibility and plausibility." *Twombly*, 550 U.S. at 557.

Moreover, the doctrine of *respondeat superior* is not applicable to Section 1983 actions. *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001) (quoting *Chavez v. Ill. State Police*, 251 F.3d 612, 651 (7th Cir. 2001)). The complaint reflects that Director's only personal involvement was in signing an administrative directive designating Lawrence as a medium security facility (Doc. 1, p. 5). Therefore, Count 6 will be dismissed on the merits.

**Count 7**

In Count 7 it is alleged that Warden Hodge, Chief Engineer Funk, LTS Supervisor Brown, Healthcare Administrator Martin, C/O Irving, C/O Hargett, C/O Rush, Nurse Practitioner

Hardy, and other unidentified individuals all failed to perform their duties and were deliberately indifferent in connection with the incidents described in Counts 1-6, in violation of the Eighth Amendment. This claim is essentially redundant of Counts 1-6; it does not present an independent constitutional claim.

Insofar as Count 7 is the first time Defendants Hodge, Funk, Brown and Martin, because it offers only a broad, conclusory statement referencing counts 1-6, it fails to state a viable claim against those defendants. The Court cannot guess which of those defendants was involved in which claim(s).

For these reasons, Count 7 will be dismissed with prejudice.

## Disposition

**IT IS HEREBY ORDERED** that the Clerk of Court shall change "S.A. Godines" to "S.A. Godinez" on the docket sheet.

**IT IS FURTHER ORDERED** that, for the reasons stated, **COUNTS 1, 2, 6 and 7** are **DISMISSED** with prejudice; **COUNT 5** is **DISMISSED** without prejudice; and Defendants **MARC HODGE**, **FUNK**, **KEN BROWN**, **C/O RUSH**, **C/O IRVING** and **PHILLIP MARTIN** are all **DISMISSED**.

Only **COUNT 3** against **ELAINE HARDY** and **COUNT 4** against **C/O HARGETT** shall proceed.

The Clerk of Court shall prepare for Defendants **ELAINE HARDY** and **C/O HARGETT**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of

Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Plaintiff's motion for leave to proceed *in forma pauperis* (Doc. 2) shall be addressed in a separate order.

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings.

Further, this entire matter shall be **REFERRED** to a United States Magistrate Judge for

disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* may have been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff.

Plaintiff is **ADVISED** that, insofar as Count 5, regarding the conditions of his cell, was dismissed without prejudice, Count 5 is wholly unrelated to Counts 3 and 4, and would have to be brought in a separate action. *See George v. Smith,* 507 F.3d 605, 607 (7th Cir.2007).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

      **IT IS SO ORDERED.**

      **DATED: November 25, 2013**

*s/ J. Phil Gilbert*
**United States District Judge**
