UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| HENRY L. JOHNSON,<br><br>  Plaintiff,<br><br> v.<br><br>S.A. GODINEZ, MARC HODGE, FUNK, KEN BROWN, C/O RUSH, C/O IRVING, C/O HARGETT, ELAINE HARDY, and PHILLIP MARTIN,<br><br>  Defendant. | Case No. 13-cv-1108-JPG |

**MEMORANDUM AND ORDER**

This matter comes before the Court on the Report and Recommendation ("Report") (Doc. 78) of Magistrate Judge Philip M. Frazier recommending that the Court grant the motions for summary judgment filed by defendants Elaine Hardy (now known as Elaine Burcham) (Doc. 51) and Eric Hargett (Doc. 54). Plaintiff Henry L. Johnson has objected to the Report (Doc. 81), and the defendants have responded to that objection (Doc. 83).

The Court may accept, reject or modify, in whole or in part, the findings or recommendations of the magistrate judge in a report and recommendation. Fed. R. Civ. P. 72(b)(3). The Court must review *de novo* the portions of the report to which objections are made. *Id.* "If no objection or only partial objection is made, the district court judge reviews those unobjected portions for clear error." *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999).

This case arose in part after Johnson, who was an inmate at Lawrence Correctional Center ("Lawrence") at the time, became dissatisfied with medical care he received there. In Count 3, he claims Hardy, a nurse practitioner at Lawrence, responded with deliberate indifference to medical symptoms of possible allergy and hypothyroidism. In Count 4, he claims Hargett, a correctional

officer at Lawrence, failed to secure medical treatment for his breathing problems and retaliated against him for filing grievances by depriving him of the opportunity to eat lunch in the chow hall. Johnson claims these actions by Hardy and Hargett relating to his medical needs deprived him of his Eighth Amendment right to be free from cruel and unusual punishment.   He also claims Hargett's refusal to let him eat lunch in the chow hall violated his First Amendment rights.

Count 3

Magistrate Judge Frazier found in the Report that Hardy evaluated Johnson's medical needs, considered his complaints and request for a soy allergy test, saw no evidence of soy allergy in his medical records, and arranged for a soy allergy test, although not the one Johnson wanted. She saw a note in his file indicating he refused the test she ordered.   Upon seeing him again, Hardy reordered the test, which showed a low level of soy allergy.   She discussed the test results with Johnson, ordered he be given a soy-free diet, and instructed him how to eliminate soy from his diet.   In a later visit, when Johnson asked for a thyroid test, Hardy evaluated him but, based on his lack of symptoms, came to the conclusion that no test was necessary.   Magistrate Judge Frazier found that no reasonable jury could find Hardy knew of any serious medical need to which she responded with deliberate indifference.

The sum total of Johnson's objection to the Report's recommended disposition of Count 3 is this:   "I also object to Count 3."   It is a close call whether this "objection" is specific enough to trigger *de novo* review.   To warrant such review, a party must raise specific objections to the report and recommendation.   Fed. R. Civ. P. 72(b).   "[O]bjections need to be specific enough to alert the district court as to what issues are actually in dispute." *Sullivan v. Running Waters Irrigation, Inc.*, 739 F.3d 354, 359 (7th Cir. 2014).   However, the party only needs "to specify

each issue for which review is sought and not the factual or legal basis of the objection." *Johnson*, 170 F.3d at 741.   In an abundance of caution, the Court reviews the Report as it relates to Count 3 *de novo*.

As a preliminary matter, the Court notes that Johnson has failed to respond to Hardy's motion for summary judgment.   It is true that he attempted to file a response (Doc. 61), but that response was stricken because it did not bear Johnson's signature, and he did not remedy this shortcoming within the time allowed by Magistrate Judge Frazier (Doc. 64).   Furthermore, as discussed below, Hardy's motion has merit.   In these circumstances, it is appropriate to construe Johnson's failure to respond as an admission of the merits of Hargett's summary judgment motion under Local Rule 7.1(c).

After a *de novo* review, the Court agrees with the Report for the reasons set forth therein. The evidence shows Hardy listened to Johnson's complaints, investigated them, and reasonably responded to them, although not always in the way Johnson would have preferred.   No reasonable jury could find she was deliberately indifferent to any of his medical needs.   Hardy is entitled to summary judgment on Count 3.

Count 4:   Medical Treatment

Magistrate Judge Frazier found in the Report that on two or three occasions, Johnson had asked Hargett to obtain medical care for him because he was having difficulty breathing.   Hargett responded that he would "get back" to Johnson, although he never did.   Johnson was able to obtain medical treatment a couple of days later by putting in a sick call request, where he received routine medication such as anti-inflammatories or pain medication.   Magistrate Judge Frazier concluded that, while Johnson's lack of response might have indicated negligence, there was no

evidence from which a reasonable jury could conclude that Hargett was actually aware that Johnson had a serious medical need for immediate medical attention because of his breathing problems.   Unless Hargett was actually aware of Johnson's serious medical need, he did not violate the Eighth Amendment.

Johnson does not object to this aspect of the Report.   The Court has reviewed the entire file as to this matter and finds that the Report is not clearly erroneous and, accordingly, will adopt it.

Count 4:   Retaliation

Magistrate Judge Frazier found in the Report that Johnson filed grievances against Hargett from early 2012 to the summer of 2012, and that Hargett had prevented Johnson from going to the chow hall for lunch for five days each week, for a total of 40-60 days, around that time period. Hargett claimed he prevented Johnson from going to lunch because Johnson had disobeyed Hargett's orders when Johnson had misbehaved traveling outside his cell on other occasions. Magistrate Judge Frazier found that Johnson had exercised a protected First Amendment right by filing grievances and that Hargett's preventing him from going to lunch for 40-60 days would likely deter a reasonable person from future protected activity.   He concluded, however, that no evidence reasonably suggested Johnson's protected activity was a motivating factor in Hargett's actions, especially in light of Hargett's alternate explanation for his conduct.

Johnson objects, arguing that he should prevail because he satisfied two of the three elements of a First Amendment retaliation claim:   protected activity and adverse action.

The Court reviews this matter *de novo* and finds Magistrate Judge Frazier's conclusion in the Report was correct.   First, the Court notes that Johnson did not respond to Hargett's motion

for summary judgment.  As noted above, Johnson filed a response that was ultimately stricken (Doc. 61), but that attempted response only addressed Hardy's motion for summary judgment (Doc. 51), not Hargett's (Doc. 54).  Johnson made no effort, successful or not, to respond to Hargett's motion.  In these circumstances, it is appropriate to construe Johnson's failure to respond as an admission of the merits of Hargett's summary judgment motion under Local Rule 7.1(c).

Furthermore, Magistrate Judge Frazier was correct to conclude that the evidence of a causal connection between Johnson's protected activity and Hargett's adverse action was too weak to support a jury finding.  On summary judgment, a plaintiff has the burden of proving that retaliation was a "motivating factor" behind the defendant's actions, and the defendant can then escape liability by showing he would have behaved the same way even without a retaliatory motive.  *Mays v. Springborn*, 719 F.3d 631, 634 (7th Cir. 2013) (citing *Greene v. Doruff,* 660 F.3d 975, 977 (7th Cir. 2011)).  The uncontradicted evidence in this case amounts to no more than an imperfect temporal connection – the grievances Johnson filed were about Hargett's not letting Johnson go to lunch, so clearly post-dated the beginning of Hargett's conduct (*see* Doc. 1-1 at 7) – and an alternate explanation for Hargett's conduct – his statements to Johnson that he was not letting Johnson go to lunch because Johnson had not obeyed orders when misbehaving in traveling outside his cell on other occasions.  In light of this evidence, no reasonable jury could find Hargett acted in retaliation for Johnson's grievances.

For both of these reasons, the Court will affirm Magistrate Judge Frazier's Report to the extent it addresses Johnson's retaliation claim in Count 4.

In light of the foregoing reasons, the Court hereby:

- **ADOPTS** the Report in its entirety (Doc. 78);

- **OVERRULES** Johnson's objections (Doc. 81);

- **GRANTS** Hardy's (Doc. 51) and Hargett's (Doc. 54) motions for summary judgment; and

- **DIRECTS** the Clerk of Court to enter judgment accordingly.

**IT IS SO ORDERED.**
**DATED:   April 4, 2016**

                                              s/ J. Phil Gilbert
                                              **J. PHIL GILBERT**
                                              **DISTRICT JUDGE**